**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

JERVIS RICKY DAVIS,

  *Defendant-Appellant.*

No. 12-4088

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, Senior District Judge.
(5:10-cr-00311-H-1)

Argued: March 22, 2013

Decided: May 1, 2013

Before TRAXLER, Chief Judge, and MOTZ and WYNN,
Circuit Judges.

---

Reversed by published opinion. Judge Motz wrote the opinion, in which Chief Judge Traxler and Judge Wynn joined.

---

## COUNSEL

**ARGUED:** Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas G.

Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

After breaking into a house and stealing a firearm and other valuables, Jervis Ricky Davis pled guilty to one count of possession of a stolen firearm. In addition to a sentence of imprisonment followed by supervised release, the district court ordered Davis to pay restitution to reimburse the homeowner for the value of the unrecovered firearm and damage caused by the break-in. Davis appeals, challenging only the restitution order. We reverse.

I.

On March 23, 2009, Davis broke into a residence in Whitakers, North Carolina, and stole a handgun, a bag of ammunition, and several pieces of jewelry. A neighbor, who saw Davis crawl out of a window, called the police. While fleeing, Davis wrecked his car and fled on foot into a nearby wooded area. Officers apprehended Davis a short time later and located the ammunition and jewelry, but were unable to recover the firearm, which Davis had hidden somewhere in the woods.

The Government charged Davis with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). Davis pled guilty to the latter count—possession of a stolen firearm. In doing so, he entered into a written plea agreement by which he

agreed "[t]o make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A."

The United States Probation Office conducted a presentence investigation and prepared a presentence investigation report ("PSR"). The PSR noted that the victim of the burglary ("the homeowner") requested restitution of $500 for his insurance deductible for the unrecovered stolen firearm, and that Davis caused $185 of damage when he broke a window to enter the residence. The PSR, however, explained that "restitution was not compensable" because of "the provisions of *Hughey v. United States*, 495 U.S. 411 (1990)," and the absence in the plea agreement of any clause entitling the homeowner to restitution. Neither party filed any objection to the PSR.

At Davis's sentencing hearing, the district court adopted the Probation Office's determination that the conviction resulted in a Guidelines range of 92 to 115 months' imprisonment, and noted that, as found in the PSR, "restitution is not an issue." The court asked each party if it had any objections to the PSR; counsel for both Davis and the Government answered "no."

After the court found no basis for a downward variance and considered Davis's allocution, it sentenced him to 96 months' imprisonment. In announcing the sentence, the court explained that "[a]lthough provisions of the Victim and Witness Protection Act are applicable, as there's no identifiable victim, restitution is waived."

Upon concluding his explanation of the sentence, the district judge asked defense counsel and the prosecutor whether they had any objections to the sentence. Defense counsel stated that she had none. The prosecutor stated that she had no objection, but "did want to note one correction":

There actually is an identifiable victim in this matter, [the homeowner], and restitution in the amount of the $500 deductible for the homeowner's insurance for the damage caused is something the government is seeking. Also $185 for the window that was broken, for a total restitution of $685.

The court replied, "That's not in the Presentence Report, is it?" The prosecutor responded by directing the court to a portion of the PSR that noted the identity of the victim of the break-in, and then added that she did not "believe" that the section of the PSR discussing sentencing options identified restitution as an available penalty. The probation officer confirmed that restitution was "listed in the report but not on the recommendation." Neither the prosecutor nor the probation officer at any time directed the court's attention to the portion of the PSR that states:

Although there was an identifiable victim in the instant matter, [under] *Hughey v. United States*, 495 U.S. 411 (1990), restitution is limited to the count of conviction unless specifically agreed upon by both parties in the Plea Agreement. Inasmuch as there is no victim associated with the count of conviction and the Plea Agreement does not specifically identify the victim or the harm and the respective monetary loss, restitution is not compensable.

The court amended its judgment to order Davis to pay restitution of $685 to the homeowner.

Davis timely noted this appeal of the restitution order.

II.

Davis challenges the restitution order on the ground that it requires repayment of losses neither caused by the conduct

underlying the offense of conviction nor otherwise consented to in the plea agreement.

"[F]ederal courts do not have the inherent authority to order restitution, but must rely on a statutory source" to do so. *United States v. Cohen*, 459 F.3d 490, 498 (4th Cir. 2006). A restitution order that exceeds the authority of the statutory source "is no less 'illegal' than a sentence of imprisonment that exceeds the statutory maximum." *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995).

Davis's plea agreement cites the Victim and Witness Protection Act, 18 U.S.C. § 3663, which permits a court to order restitution to a "victim" suffering loss from certain crimes. 18 U.S.C. § 3663(a)(1)(A). The statute defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution" is authorized. *Id.* § 3663(a)(2).[1]

Section 3663 provides that a district court "when sentencing a defendant convicted of an[y] offense under [Title 18] . . . may order . . . that the defendant make restitution to any victim of such offense." *Id.* § 3663(a)(1)(A). Davis was convicted of a Title 18 offense. *See* 18 U.S.C. § 922(j). Thus, § 3663 provides a basis for restitution to a victim of his offense of conviction. Moreover, § 3663 authorizes the district court to order restitution, even to a person not considered a victim of the offense of conviction, if the parties so agreed in the plea agreement. *Id.* § 3663(a)(1)(A).

---

[1]The plea agreement also cites another federal statute, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, which *requires* a court to order restitution to a "victim" suffering loss from certain other crimes. Both restitution statutes employ the same definition of "victim." *Compare* 18 U.S.C. § 3663(a)(2) *with id.* § 3663A(a)(2). Davis's sole offense of conviction—possession of a stolen firearm—is not a listed offense under § 3663A. Thus, § 3663A provides no basis for the challenged restitution order. The Government does not contend to the contrary.

With these principles in mind, we consider whether the homeowner is a "victim" under § 3663 to whom the district court could award restitution and, if not, whether the parties nonetheless agreed to the award in the plea agreement.

A.

In *Hughey*, the Supreme Court expressly held that § 3663 authorizes "an award of restitution *only* for the loss caused by the specific conduct that is the basis of the offense of conviction." 495 U.S. at 413 (emphasis added). Thus, "to be considered a victim under § 3663, the act that harms the individual must be either conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." *United States v. Blake*, 81 F.3d 498, 506 (4th Cir. 1996).

Davis maintains that the district court improperly ordered restitution for losses not "caused by the specific conduct that is the basis of the offense of conviction." *Hughey*, 495 U.S. at 413. This argument requires us to determine whether a conviction for mere possession of a stolen firearm can cause compensable losses to a § 3663 "victim."

Our discussion in *Blake* provides helpful analysis in an analogous factual context. There, the defendant pled guilty to using unauthorized access devices, specifically, stolen credit cards. 81 F.3d at 502. The district court ordered the defendant to pay restitution to the individuals from whom he stole the credit cards for the pocketbooks, wallets, and other items he had taken along with the cards. *Id.* at 502-03. We held that the court erred in ordering the defendant, Blake, to pay such restitution. *Id.* at 506-07. We explained:

> Blake's theft of the credit cards represents a pattern of criminal activity that was a necessary step in the accomplishment of his objective, *i.e.*, use of unau-

thorized access devices. But, the factual connection between his conduct and the offense of conviction is legally irrelevant for the purpose of restitution. The Government allowed Blake to plead guilty to one count of fraudulent use of unauthorized access devices . . . . This offense . . . has four elements . . . . The specific conduct underlying these elements, and thus forming the basis for Blake's offense of conviction, does not include the theft of the credit cards . . . . As a result, the loss to the robbery victims was not caused by Blake's offense of conviction.

*Id.* (internal citation and quotation marks omitted).

This explanation applies with equal force and requires the same conclusion in this case. Like Blake's credit card theft, Davis's burglary and theft of the firearm represent "necessary step[s] in the accomplishment of his objective," here, possession of a stolen firearm. *Id.* at 506. But, like Blake, "the factual connection between" these "necessary step[s]" and Davis's offense of conviction "is legally irrelevant for the purpose of restitution." *Id.* The elements of Davis's offense—possession of a stolen firearm in violation of § 922(j)—include: (1) possession of a firearm that (2) has been transported in interstate commerce, and that (3) the defendant knew or had reasonable cause to believe was stolen. 18 U.S.C. § 922(j). Thus, as in *Blake*, here the specific conduct underlying the elements of the offense, "and thus forming the basis for [the] offense of conviction, does not include the theft." 81 F.3d at 506. Rather, it includes only knowledge of a theft, and, "[a]s a result, the loss . . . was not caused by" possession of a stolen firearm, the sole "offense of conviction." *Id.* at 506-07. Accordingly, the homeowner cannot "be considered a victim under § 3663," and so is not entitled to restitution on that basis for the loss Davis caused him. *Id.*; *see also Hughey*, 495 U.S. at 413; *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003) ("[T]he focus of the court in applying

[§ 3663A] must be on the losses to the victim *caused by the offense*." (emphasis added)).[2]

### B.

We next consider whether, as § 3663 permits, Davis's plea agreement serves as a basis for the restitution order even though the homeowner is not a "victim" of the offense of conviction. *See* 18 U.S.C. § 3663(a)(1)(A). A plea agreement may require a defendant to make restitution "to persons other than the victim of the offense." *Id.* § 3663(a)(1)(A). This includes, "to the extent agreed to by the parties," *id.* § 3663(a)(3), restitution for losses beyond those "caused by the specific conduct that is the basis of the offense of conviction," *Hughey*, 495 U.S. at 413.

In interpreting plea agreements, we apply standard contract law to ensure that each party receives the benefit of the bargain and "enforce a plea agreement's plain language in its ordinary sense." *United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007) (internal quotation marks omitted). Because pleading guilty pursuant to an agreement implicates a defendant's constitutional rights, "we analyze a plea agreement with greater scrutiny than we would apply to a commercial contract" and "hold the Government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." *Id.* at 195-96 (internal quotation marks omitted).

---

[2]Tellingly, the Government ignores our analysis in *Blake*. Instead, the Government relies on an out-of-circuit case in which the court approved a limited restitution award by one who possessed *and* sold stolen firearms, to the owners of the firearms. *United States v. Freeman*, 640 F.3d 180 (6th Cir. 2011). That reliance is misplaced. The *Freeman* court seemed to rely exclusively on the plea agreement to authorize restitution; in any event, it never held the firearm owner was a "victim" under § 3663 or § 3663A of even this different crime. *See id.* at 194-95.

Davis's plea agreement contains only two provisions evidencing his agreement to imposition of restitution:

2(b)       The Defendant agrees: . . . [t]o make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A.

      . . . .

3(a)(9)   The Defendant understands, agrees, and admits: . . . [t]hat as to each Count of the Indictment to which the Defendant is pleading guilty, the . . . applicable penalties are as follows: . . . [r]estitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2(b) above.

Thus the plea agreement does not contain any agreement by Davis to pay restitution other than that payable pursuant to a restitution statute. Nor does the plea agreement identify a compensable victim or losses other than those "caused by the specific conduct that is the basis of the offense of conviction." *Hughey*, 495 U.S. at 413.

To justify payment of restitution to persons other than those harmed by "an offense different from [the] offense of conviction," a plea agreement must "explicitly provide[ ]" for such restitution. *See United States v. Elson*, 577 F.3d 713, 724 (6th Cir. 2009) (applying § 3663A). Further, even "vague references to 'victims' are insufficient to bind a defendant to pay restitution beyond that authorized" under § 3663. *See id.*; *see also United States v. Randle*, 324 F.3d 550, 557 (7th Cir. 2003) (reversing order of restitution to persons who did not "qualif[y] as 'victim[s]' under the definition provided" in § 3663A, finding references in plea agreement to "victims" not "specific enough to qualify as an agreement by [the defen-

dant] to pay restitution" to persons harmed by unconvicted offenses).

Absent an explicit agreement to pay restitution to a person other than the victim of the offense of conviction, a court errs in awarding restitution. *See United States v. Davenport*, 445 F.3d 366, 373-74 (4th Cir. 2006), *abrogated on other grounds by Irizarry v. United States*, 553 U.S. 708 (2008); *see also United States v. Reynolds*, 432 F.3d 821, 822-23 (8th Cir. 2005); *Randle*, 324 F.3d at 557-58. Davis's written plea agreement provides no explicit agreement to pay restitution to a person other than a victim of the offense of conviction.[3] Thus that agreement, like § 3663(a)(1), provides no basis for the challenged restitution order. In sum, the district court erred in ordering restitution.

### III.

Because Davis did not object to the restitution order in the district court, however, we can correct that error only if it is plain, "affect[s] substantial rights," and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (internal quotation marks omitted).

Section 3663 authorized the district court to enter a restitution award for only two categories of losses, *i.e.*, those "caused by the specific conduct that is the basis of the offense of conviction," *Hughey*, 495 U.S. at 413, and those "agreed to

---

[3]In *Freeman*, on which the Government relies, the plea agreement both stated that the count of conviction "subjects [the defendant] to restitution," and contained a statement of facts, which identified losses caused by the defendant's theft and sale of the firearms described in the count of conviction. 640 F.3d at 194-95. Based on this language, the Sixth Circuit determined that the parties agreed to restitution for the theft and sale of the firearms identified as "underlying the offense of conviction." *Id.* at 195. Davis's plea agreement, of course, contains no similar language and thus the *Freeman* rationale provides no basis for a restitution award here.

[be compensable] by the parties in a plea agreement," 18 U.S.C. § 3663(a)(1)(A). The restitution order here was based on losses in neither of these categories. Indeed, the PSR properly explained: "in keeping with the provisions of *Hughey*[,] . . . . [i]nasmuch as there is no victim associated with the count of conviction and the Plea Agreement does not specifically identify the victim or the harm and the respective monetary loss, restitution is not compensable." Because neither § 3663(a)(1)(A) nor controlling and well-established Supreme Court precedent authorized the challenged restitution order, its imposition constitutes error that is plain. *See United States v. Ubakanma*, 215 F.3d 421, 428-29 (4th Cir. 2000) (finding plain error where court ordered restitution to a party other than the victim of the offense of conviction "contrary to the provisions of [§ 3663]," absent provision in plea agreement that parties agreed defendant would make such restitution).

Further, because the error left Davis responsible for restitution payments disallowed by law, that error affected his substantial rights. *See, e.g.*, *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005) ("The restitution order affected [the defendant's] substantial rights because the outcome of the district court proceedings would have been different if the error had not occurred."); *Randle*, 324 F.3d at 558 ("In requiring [the defendant] to pay [restitution] . . . without a statutory basis for doing so, the error affects [his] substantial rights.").

Finally, we must conclude that, if uncorrected, the error would "seriously affect the fairness, integrity, or public reputation of judicial proceedings" because it would impose an illegal burden on the defendant. *Johnson*, 520 U.S. at 467; *see United States v. Gilberg*, 75 F.3d 15, 21-22 (1st Cir. 1996) (concluding *Hughey* error constituted plain error). This is particularly so given the incomplete characterization of the PSR by the prosecutor at sentencing. She left the impression that the PSR referenced a "victim" entitled to restitution when in fact the PSR expressly stated: because "there is no victim associated with the count of conviction and the Plea Agree-

ment does not specifically identify the victim . . . restitution is not compensable."

## IV.

For the foregoing reasons, the judgment of the district court to the extent it orders restitution is

*REVERSED.*