**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4730**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

GERALD MCCABE, a/k/a Jerry,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard M. Gergel, District Judge.  (2:12-cr-00547-RMG-2)

───────────

Submitted:  August 18, 2014      Decided:  September 11, 2014

───────────

Before GREGORY, AGEE, and THACKER, Circuit Judges.

───────────

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

William L. Runyon, Jr., WILLIAM L. RUNYON, JR. LAW OFFICE, Charleston, South Carolina, for Appellant.  William Nettles, United States Attorney, Peter T. Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald McCabe appeals from his 300-month sentence imposed after he pled guilty to one count each of conspiracy to manufacture fifty or more grams of methamphetamine, in violation of 21 U.S.C. § 846 (2012), and manufacturing methamphetamine on premises where individuals under the age of eighteen were present and resided, in violation of 21 U.S.C. § 860a (2012). McCabe's plea agreement contained a waiver of his right to appeal his conviction and sentence, excepting only his right to assert claims of ineffective assistance or prosecutorial misconduct. (4th Cir. Dckt. Entry No. 24, Exh. 1 at 10-11). The indictment against McCabe issued after an explosion and fire occurred in the apartment where McCabe resided with several others, and where McCabe and his co-conspirators were believed to manufacture methamphetamine. The fire killed three individuals, including McCabe's co-conspirator's daughter and grandson, and Joseph Raeth, McCabe's sixty-five-year old neighbor. The district court nonetheless explicitly found at McCabe's sentencing that the Government failed to establish by a preponderance of the evidence that the fire was caused or accelerated by McCabe's unlawful conduct.

On appeal, McCabe asserts that in determining an appropriate sentence, the district court should have considered the fact that McCabe's state probation was revoked because of

2

his federal convictions. McCabe also asserts that the district court erred when it ordered him to reimburse half of the cost of Raeth's funeral expenses as restitution. The Government has moved to dismiss the appeal based on the appellate waiver in McCabe's plea agreement, and McCabe has filed a pro se motion to terminate or relieve his counsel and for the appointment of new counsel. We deny McCabe's pro se motion and although we deny the Government's motion, in part, and vacate that portion of the district court's judgment ordering restitution for Raeth's funeral expenses, we grant the Government's motion, in part, and dismiss the remainder of McCabe's appeal.

It is well-established that a defendant may waive the right to appeal if that waiver is "a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks omitted). Whether a defendant has effectively waived his right to appeal is an issue of law we review de novo. United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014), pet. for cert. filed, ___ U.S.L.W. ___ (U.S. July 15, 2014) (No. 12-4639). We will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168-70 (4th Cir. 2005).

To determine whether a waiver is knowing and intelligent, we examine the background, experience, and conduct

of the defendant. Broughton-Jones, 71 F.3d at 1146. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The issue ultimately is evaluated by reference to the totality of the circumstances. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Waiver of appeal of a sentence, however, does not bar the appeal of a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. Id. at 399 & n.4. Furthermore, a defendant does not waive the right to appeal a sentence based on a constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

McCabe does not allege any defects in his plea hearing and he does not dispute that the proceeding complied with Fed. R. Crim. P. 11. Rather, McCabe suggests only that the issues he raises on appeal are not barred by his appeal waiver. However, McCabe points this court to no authority for his proposition that the district court's alleged failure to consider his state sentence rendered his federal sentence unconstitutional. We

4

nonetheless find that this assignment of error implicates no issues that would be excepted from McCabe's appellate waiver. Thus, McCabe may not raise this issue on appeal.

McCabe's challenge to his restitution order is more problematic, however. In this regard, it is well established that "federal courts do not have the inherent authority to order restitution, but must rely on a statutory source to do so." United States v. Davis, 714 F.3d 809, 812 (4th Cir. 2013) (internal quotation marks and alterations omitted). Thus, "[a] restitution order that exceeds the authority of the statutory source is no less 'illegal' than a sentence of imprisonment that exceeds the statutory maximum." Id. (internal quotation marks omitted). Accordingly, "appeals challenging the legality of restitution orders are . . . outside the scope of a defendant's otherwise valid appeal waiver." Broughton-Jones, 71 F.3d at 1147.

Moreover, although McCabe's failure to challenge his restitution order in the district court requires us to review the restitution order for plain error, see Davis, 714 F.3d 815-16, we have found and corrected plain error after finding that restitution was ordered to someone who was not a "victim" of the offense of conviction. See id. at 812-14 (finding plain error and reversing restitution award where plea agreement did not mandate restitution to victim and victim's loss was not caused

5

by the specific conduct that was the basis for the offense of conviction); cf. United States v. Freeman, 741 F.3d 426, 435-39 (4th Cir. 2014) (reversing district court's restitution order after abuse of discretion review because "the Government utterly failed to provide any evidence that the losses sustained by the purported victims here were caused by the specific conduct underlying Appellant's offense of conviction").

Because McCabe's plea agreement makes no mention of a restitution award, and since the district court explicitly found that the Government did not prove by a preponderance of the evidence that McCabe's drug conspiracy caused the apartment fire that resulted in Raeth's death, it was plain error for the district court to order McCabe to reimburse Raeth's estate for half the cost of Raeth's funeral.

Based on the foregoing, we deny the Government's motion to dismiss, in part, vacate that portion of the district court's judgment ordering McCabe to pay half of Raeth's funeral expenses as restitution, and we remand for such other and further proceedings as may be appropriate. We nonetheless grant the Government's motion to dismiss, in part, deny McCabe's motion to terminate or relieve counsel and for the appointment

6

of new counsel,[*] and dismiss the remainder of McCabe's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] Because McCabe is represented by counsel who has filed a merits brief, as opposed to a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), he is not entitled to file a pro se supplemental brief. <u>See</u> Fed. R. App. P. 28(a), (c) (permitting appellant to file a formal brief and a reply brief). Moreover, to the extent McCabe is attempting to raise in his motion ineffective assistance of counsel claims, ineffective assistance does not conclusively appear on the record. <u>See</u> <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008) (holding that an ineffective assistance of counsel claim is not cognizable on direct appeal "unless it conclusively appears from the record that defense counsel did not provide effective representation") (internal quotation marks and citation omitted). To the contrary, since this court has decided to vacate McCabe's criminal judgment, in part, and remand to the district court for further proceedings, appellate counsel has secured at least partial relief.