**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4732**

---

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

     v.

JOHN ROBERT MULLEN,

           Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cr-00043-RLV-DCK-1)

---

Submitted: July 31, 2015           Decided: August 14, 2015

---

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Ross Richardson, Executive Director, Anne L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Robert Mullen appeals from the sentence imposed after he pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2012). Mullen contends that the district court plainly erred in ordering him to pay restitution to a police officer and the Hickory Police Department based on losses incurred while pursuing and apprehending him after the bank robbery. Finding no plain error, we affirm.

Mullen argues for the first time on appeal that the losses caused by his flight and arrest were not specific conduct that was the basis for his conviction of bank robbery. The Mandatory Victims Restitution Act of 1996 ("MVRA") requires a court, when sentencing a defendant for a crime where an identifiable victim has suffered a pecuniary loss, to order "that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), (B) (2012). For purposes of the MVRA, a victim is:

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

Id. § 3663A(a)(2) (2012). Thus, "to be considered a victim[,] . . . the act that harms the individual must be either conduct underlying an element of the offense of conviction, or an act

2

taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." United States v. Davis, 714 F.3d 809, 813 (4th Cir. 2013) (internal quotation marks omitted); see 18 U.S.C. § 3663(a)(2) (2012) (setting forth definition in Victim and Witness Protection Act ("VWPA"), a precursor of the MVRA); Davis, 714 F.3d at 813 n.1 (noting similarity of MVRA's and VWPA's definitions). "A restitution order that exceeds the authority of the statutory source is no less illegal than a sentence of imprisonment that exceeds the statutory maximum." Davis, 714 F.3d at 812 (internal quotation marks omitted).

Because Mullen failed to object to the restitution order, this court reviews for plain error only. See id. at 815-16. To establish plain error, Mullen must demonstrate "that the district court erred, that the error was plain, and that it affected his substantial rights." United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010) (internal alterations and quotation marks omitted). This court has discretion to correct such error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993) (internal quotation marks and alteration omitted).

The Government argues that the officer and police department were "directly and proximately harmed as a result of"

3

the bank robbery offense, contending that Mullen's conduct in robbing the bank led directly to his attempt to evade the police officers and the damages were incurred during the flight. See 18 U.S.C. § 3663A(a)(2) (MVRA definition of victim).

We conclude that the district court did not plainly err in ordering Mullen to pay restitution to an arresting officer for damage to his uniform and to the police department for damage to another officer's service weapon. See United States v. Washington, 434 F.3d 1265, 1268 (11th Cir. 2006) (no error in a restitution award to a police department for damage to property caused during the defendant's flight following his commission of a bank robbery); United States v. Reichow, 416 F.3d 802, 805 (2005) (no error in order to pay restitution after defendant convicted of armed robbery for damage to police cars, destruction of uniforms, and medical bills incurred by an injured sheriff's deputy, where damage "occurred 'during' the robbery"); United States v. Donaby, 349 F.3d 1046, 1051-55 (7th Cir. 2003) (bank robbery directly and proximately caused the damage to a police vehicle that occurred during the flight from the crime scene).

Finding no plain error, we affirm the sentence and restitution imposed by the district court. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED