**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 14-4920

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

    v.

TINEKA S. MCLAUGHLIN,

       Defendant – Appellant,

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:14-cr-00057-F-1)

Argued:  January 28, 2016      Decided:  February 16, 2016

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Dismissed by published opinion.  Judge Wilkinson wrote the opinion, in which Judge Diaz and Judge Thacker joined.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.   Phillip Anthony Rubin, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

WILKINSON, Circuit Judge:

This case concerns the proper construction of a waiver of appellate rights signed by Tineka McLaughlin as part of her plea agreement. She argues that despite the waiver, she is still allowed to challenge on appeal the district court's imposition of a four-level role-in-the-offense enhancement under Section 3B1.1(a) of the United States Sentencing Guidelines. For the reasons that follow, we believe the issue was within the scope of her waiver. We accordingly dismiss this appeal.

I.

Tineka McLaughlin pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344 after she participated in an ATM fraud scheme in Fayetteville, North Carolina. As part of her plea agreement, McLaughlin agreed

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

J.A. 42–43. At her August 4, 2014 plea hearing, the district court questioned McLaughlin, asking, "Do you understand you

2

reserve only the right to appeal from an upward departure from the advisory guideline range established at sentencing and that you otherwise waive all rights to appeal whatever sentence is imposed . . . ?" J.A. 39. McLaughlin responded, saying, "Yes, sir." Id.

The district court subsequently sentenced McLaughlin to pay restitution and to serve twenty-seven months' imprisonment. Two aspects of McLaughlin's sentence are relevant to this appeal. First, the court calculated McLaughlin's Guideline range using a four-level role-in-the-offense enhancement pursuant to U.S.S.G. § 3B1.1(a). This yielded an advisory Guideline calculation of 15 to 21 months. Second, the district court imposed an upward departure sentence under U.S.S.G. § 4A1.3(a)(1), sentencing McLaughlin to 27 months on the ground that the lower Guideline range underestimated "the seriousness of [McLaughlin's] criminal history and likelihood of recidivism." J.A. 107.

McLaughlin appealed. She appealed only the § 3B1.1(a) enhancement, not the upward departure. The United States moved to dismiss, arguing that she waived her right to appeal issues related to the establishment of her advisory Guideline range. McLaughlin countered, arguing that because she received "a sentence in excess of the applicable advisory Guideline range that [was] established at sentencing," the appeal could go

forward, even though the substance of the appeal did not actually concern the upward departure.

The issue is not one that is unique to this case. See United States v. Shawakha, 410 F. App'x 658 (4th Cir. 2011).

## II.

We start by examining the text of the waiver. The operative provision has two clauses, a waiver clause and a reservation clause. The waiver clause waives all right to appeal "whatever sentence is imposed on any ground, including any issues [relating] to the establishment of the advisory Guideline range." J.A. 42. The reservation clause then withdraws from the waiver "only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." Id.

McLaughlin argues that under the reservation clause, she has a right to challenge any part of a sentence when the overall sentence represents an upward departure from the Guideline range. In other words, she argues that "a sentence" means "anything in that sentence."

This reading focuses on one clause in the agreement at the expense of the agreement in its entirety. As a matter of tactics, the oversight is understandable, as the agreement in its entirety contains a waiver provision that McLaughlin would prefer to overlook.

4

That waiver provision quite specifically waives the right to appeal the sentence "on any ground, including any issues that relate to the establishment of the advisory Guideline range." J.A. 42. McLaughlin's appeal of the 3B1.1(a) enhancement is just such an issue. It relates to the establishment of the advisory Guideline range and therefore lies at the heart of the waiver clause.

McLaughlin's selective reading of the waiver provision would render this heart of it superfluous. Under McLaughlin's reading, the waiver with respect to appeals of sentences may as well have read:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing.

The language "whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range" is conspicuously absent from McLaughlin's interpretation. But "the interpretation of plea agreements is rooted in contract law." United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994). And "[c]ontract terms must be construed to give meaning and effect to every part of the contract." Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1127 (4th Cir. 1993). We therefore decline McLaughlin's invitation to "reduce[]" much of her waiver "to mere surplusage." Id.

5

McLaughlin also argues that the plea agreement is at least ambiguous and that ambiguity should be construed in her favor. But the fact that parties in an adversary system unsurprisingly argue for different interpretations of an agreement does not in and of itself render an agreement ambiguous. In determining whether an agreement is ambiguous, courts "examine the entire contract," considering "[p]articular words . . . not as if isolated from the context, but in the light of the obligation as a whole." PCS Nitrogen Inc. v. Ashley II of Charleston LLC, 714 F.3d 161, 173 (4th Cir. 2013) (quoting William C. Atwater & Co. v. Panama R.R. Co., 159 N.E. 418, 419 (N.Y. 1927)). "Form should not prevail over substance, and a sensible meaning of words should be sought." Id.

Here, taken as a whole, the agreement makes good sense. It allows challenges to upward departures from a Guideline range, but not challenges to the establishment of a Guideline range. McLaughlin was advised of this reading during her plea hearing and yet raised no objection. The district court, moreover, did not commit any error, much less plain error, in conveying this understanding to McLaughlin in open court.

McLaughlin does not, for whatever reason, challenge her sentence's upward departure, which she is permitted to do, but instead challenges the establishment of her Guideline range,

which she is forbidden to do. This has her agreement in reverse.

We therefore dismiss her appeal.

DISMISSED