**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4624**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

CHRISTIAN G. RHODES,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:15-cr-00076-F-1)

Submitted:  November 29, 2016       Decided:  December 12, 2016

Before GREGORY, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Chief Appellate Attorney, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian G. Rhodes appeals the 144-month upward departure sentence imposed by the district court following Rhodes' guilty plea to conspiracy to defraud the United States, in violation of 18 U.S.C. § 286 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). On appeal, Rhodes contends that the upward departure sentence is procedurally and substantively unreasonable. The Government argues that the appellate waiver precludes Rhodes' appeal. We hold that Rhodes' appeal falls outside the scope of the waiver, and, finding no error in the district court's judgment, we affirm.

Rhodes does not challenge the validity of the appeal waiver, but contends that the issues raised do not fall within its scope. Because the waiver excepted a sentence in excess of the Guidelines range established at sentencing, and Rhodes appeals his above-Guidelines-range sentence, we hold that the claims raised on appeal are not precluded by the waiver. See United States v. McLaughlin, 813 F.3d 202, 205 (4th Cir. 2016).

Next, we turn to the substance of Rhodes' appeal. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (internal quotation marks omitted). In conducting procedural reasonableness review, we consider, among other

2

factors, whether the district court analyzed any arguments presented by the parties and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it," such that the appellate court need "not guess at the district court's rationale." United States v. Carter, 564 F.3d 325, 329, 330 (4th Cir. 2009) (internal quotation marks omitted).

Rhodes assigns procedural error to the district court's failure to address his arguments in favor of a downward departure. Because Rhodes preserved this issue by arguing for a sentence other than the one he ultimately received, our review is for an abuse of discretion. Lynn, 592 F.3d at 576, 578. Rhodes also argues that his upward-departure sentence is substantively unreasonable.

Based on our review of the transcript, we agree that the district court did not expressly address Rhodes' nonfrivolous arguments in sentencing him. Thus, "we [must] reverse unless we conclude that the error was harmless." 592 F.3d at 576. The Government may establish that such a procedural error was harmless, and thus avoid remand, by showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district

3

court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

Applying this standard to the facts of this case, we conclude the Government has satisfied its burden of showing that the district court's procedural error was harmless. The district court's adoption of the presentence report, which recited Rhodes' criminal history, personal history, and characteristics, demonstrates the court's familiarity with Rhodes' circumstances. Further, the arguments Rhodes advanced in favor of a below-Guidelines sentence were countered by the district court's finding that an upward departure was appropriate. Finally, the sentencing transcript leaves little doubt that the district court considered the arguments in favor of the downward variance, as this issue was discussed at length during the sentencing hearing. We are thus persuaded that, in this case, any shortcoming in the district court's failure to expressly address Rhodes' arguments for a downward variance is harmless and that remand is not warranted.

We turn, then, to the district court's decision to impose an upward departure. The Sentencing Guidelines provide for an upward departure based on the inadequacy of a defendant's criminal history category "[i]f reliable information indicates

4

that the defendant's criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2014). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that, under the totality of the circumstances, the district court did not abuse its discretion by imposing an upward departure upon finding that Rhodes' criminal history category significantly underrepresented the seriousness of his criminal history or his likelihood of recidivism. We further conclude that the court did not abuse its discretion in determining the extent of the upward departure, which was five months above the top of the Guidelines range.

In sum, we conclude that any procedural error was harmless and that the sentence imposed by the district court is substantively reasonable. The sentence imposed on Rhodes "may not be the only reasonable sentence, but it is a reasonable sentence, and the Supreme Court has directed than any reasonable

5

sentence be upheld." <u>United States v. Evans</u>, 526 F.3d 155, 166 (4th Cir. 2008).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>