**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4737**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAMERON WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cr-00193-JFM-3)

Submitted: May 26, 2017                                    Decided: June 13, 2017

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William L. Welch, III, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, David Metcalf, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Cameron Washington pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 846 (2012). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the agreement specified that Washington would be sentenced within a range of 84-144 months. The district court sentenced him to 100 months in prison. Washington appeals, raising two issues. We affirm.

I

Washington contends that the Government breached Paragraph 10 of his plea agreement, which provided:

> The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Washington argues that the breach occurred when the Government did not bring to the court's attention at sentencing a report issued by the United States Sentencing Commission in August 2016—after he had signed his plea agreement and entered his plea at the Rule 11 proceeding. The report contained a recommendation that an offender be sentenced as a career offender only if the instant offense was a felony crime of violence or one of the predicate offenses for career offender status was a felony crime of violence. The report impacted the Rule 11(c)(1)(C) pleas of two of Washington's codefendants, who signed their plea agreements after issuance of the report, and whose plea agreements stipulated that they would receive sentences of 84 months. Washington believes that, had

2

the court been made aware of this report and its impact on the sentences of his codefendants, he, too, would have received an 84-month sentence.

Because Washington did not claim in the district court that there was a breach of the plea agreement, our review is for plain error. *See United States v. Rangel*, 781 F.3d 736, 745 (4th Cir. 2015). To establish plain error, Washington must show that an error occurred, the error was plain, and it affected his substantial rights. *See id.*; *United States v. Olano*, 507 U.S. 725, 732 (1993). We will not exercise our discretion to correct plain error unless the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Our "interpretation of plea agreements is rooted in contract law." *United States v. McLaughlin*, 813 F.3d 202, 204 (4th Cir. 2016) (internal quotation marks omitted). "Because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, our analysis of the plea agreement or breach thereof is conducted with greater scrutiny than in a commercial contract." *United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011) (internal quotation marks omitted).

"[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The Government breaches a plea agreement when an express or implied promise or assurance it made to induce the plea remains unfulfilled. *See id.*;

3

*United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994). When interpreting the responsibilities of the Government under the plea agreement, we will "enforce a plea agreement's plain language in its ordinary sense." *United States v. Linder,* 552 F.3d 391, 393 n.1 (4th Cir. 2009).

Washington cannot establish plain error. Nothing in the agreement obligated the Government to ask for a sentence of 84 months; rather, the parties agreed that Washington would be sentenced to between 84 and 144 months, and his 100-month sentence fell within this range. Nor did Paragraph 10 of the plea agreement expressly or impliedly bind the Government to bring to the court's attention the Sentencing Commission's recommendation or its impact on the negotiated sentences of Washington's codefendants.

## II

Washington's plea agreement provided that he waived:

> all right . . . to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), *except* as follows: (i) the Defendant reserves the right to appeal any sentence *greater than 144 months imprisonment. . . .*

Washington challenges the procedural reasonableness of his sentence. The Government seeks to enforce the appellate waiver with respect to this sentencing issue.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the

waiver if the record establishes (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). As discussed above, there was no breach of the plea agreement.

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questions the defendant about the waiver during the Rule 11 colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

Washington's plea agreement clearly set forth the waiver in a separate paragraph. By signing the agreement, Washington acknowledged:

> I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with my attorney.

5

At the Fed. R. Crim. P. 11 hearing, Washington confirmed that he had signed the plea agreement and that the representations in the acknowledgment were true. The court reviewed the primary terms of the agreement. With respect to the waiver, the court stated, "You waive your right to appeal from your conviction and your right to appeal from any sentence that I impose, and the Government does, too, provided that I sentence you [to] between 84 months and 144 months." Washington told the court that his "understanding of the plea agreement [was what the court had] stated it to be." Based on the totality of the circumstances, we conclude that Washington's waiver of the right to appeal his sentence is valid and enforceable.

Under *Blick*, the next question is whether the issue Washington seeks to raise falls within the scope of the waiver. He contends that his sentence is procedurally unreasonable. We hold that the waiver encompasses this issue.

III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*