**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4550**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAKINA JANAE OATES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:16-cr-00117-FL-1)

Submitted: April 13, 2018                                    Decided: May 2, 2018

Before DUNCAN, AGEE, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shakina Janae Oates appeals the 36-month sentence imposed following her guilty plea to mail fraud, in violation of 18 U.S.C. § 1341 (2012). On appeal, Oates argues that the district court plainly erred in imposing a six-level Sentencing Guidelines enhancement for a loss amount exceeding $40,000 and that her upward-departure sentence is substantively unreasonable. The Government argues, and Oates contests, that her challenge to the loss amount enhancement is barred by the appeal waiver provision in her plea agreement. The Government also argues that Oates' sentence is substantively reasonable. For the reasons that follow, we dismiss the appeal in part and affirm in part.

Generally, we review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This standard encompasses review for both procedural and substantive reasonableness. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). We first consider whether the district court committed significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 § 3553(a) (2012) factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51. If we find no procedural error, we also must consider the substantive reasonableness of the sentence in view of the totality of the circumstances. *Id.* The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. *See* 18 U.S.C. § 3553(a).

Although Oates' challenge to the loss amount enhancement raises a question of procedural reasonableness, we conclude this issue is barred by Oates' appeal waiver. We

review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We will enforce a waiver if it is valid and the issue appealed falls within the waiver's scope. *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012). A waiver is valid if it is knowing and voluntary, considering the totality of the circumstances. *Copeland*, 707 F.3d at 528.

Oates does not argue that her waiver is invalid, and our review of the record indicates that it was both knowing and voluntary. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Instead, Oates contends that her challenge to the loss amount enhancement falls outside the scope of the waiver. "In determining whether an appellate waiver provision bars consideration of the issues raised in a particular appeal, we interpret the terms of the parties' plea agreement in accordance with traditional principles of contract law." *United States v. Yooho Weon*, 722 F.3d 583, 588 (4th Cir. 2013). Because a guilty plea pursuant to a plea agreement "implicates a defendant's constitutional rights," we review plea agreements "with greater scrutiny than we would apply to a commercial contract and hold the Government to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements." *United States v. Davis*, 714 F.3d 809, 814-15 (4th Cir. 2013) (alteration and internal quotation marks omitted).

We find Oates' challenges to the waiver squarely foreclosed by *United States v. McLaughlin*, 813 F.3d 202 (4th Cir. 2016). In *McLaughlin*, we held that an appeal waiver identical to the waiver provision included in Oates' plea agreement was not ambiguous, but instead plainly "allows challenges to upward departures from a

3

Guidelines range, but not challenges to the establishment of a Guideline range." *Id.* at 204-05. As we recognized in *McLaughlin*, a challenge to a Guidelines enhancement "relates to the establishment of the Guidelines range" and thus "lies at the heart of the waiver clause" within that provision. *Id.* at 204. Although the appellant in *McLaughlin* did not question the substantive reasonableness of her sentence, that fact had little bearing on our construction of the appeal waiver's operative language. *See id.* And while Oates also attempts to rely on *United States v. Rhodes*, 665 F. App'x 275, 276 (4th Cir. 2016) (No. 15-4624), to argue that *McLaughlin*'s rationale does not apply to her, that unpublished opinion is both nonbinding and readily distinguishable. Because we conclude that Oates' Guidelines challenge is barred by her appeal waiver, we dismiss the portion of the appeal challenging her loss amount enhancement.

Turning to the substantive reasonableness of the court's upward departure, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotation marks omitted). However, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion,

4

standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

The Sentencing Guidelines permit an upward departure based on the inadequacy of a defendant's criminal history category "[i]f reliable information indicates that the defendant's criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2016). Relevant considerations include prior sentences not used in computing the defendant's criminal history category, the nature of her prior offenses, and her likelihood of recidivism in light of prior lenient treatment she received. *See* USSG § 4A1.3(a)(2), cmt. n.2(B) & background, p.s. The court may properly base a USSG § 4A1.3(a), p.s., departure on prior convictions too old to be counted in calculating the defendant's criminal history. *Howard*, 773 F.3d at 529; *see United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992).

Oates argues that the court imposed a substantively unreasonable sentence because it focused exclusively on her criminal history and failed to credit the mitigating factors supporting a lower sentence. She contends that her criminal history is insufficient to place her in the worst two percent of fraud offenders who received upward departures, thereby creating unwarranted disparities with similarly situated defendants. Ultimately, she asserts that the court's reasoning for departing upward was insufficient to support the sentence imposed.

We find these arguments unpersuasive. Oates' criminal history generated 26 criminal history points—twice the points needed to qualify her for criminal history

category VI, *see* USSG ch. 5, pt. A (sentencing table)—and included numerous additional, unscored prior convictions for fraud-related offenses. These unscored convictions were not particularly severe, but they demonstrated a clear pattern of fraudulent conduct that was largely unabated over the course of Oates' adult life, despite repeated lenient treatment by the state courts. Although Oates argued that she had ceased her fraudulent conduct for a period of several years before beginning her mail fraud offense, she incurred an additional state conviction for conduct occurring during this period and undertook her extended mail fraud offense within five years after completing a state prison term of several years. These factors support the district court's conclusion that Oates' criminal history score substantially underrepresented her criminal history and likelihood of committing similar crimes in the future.

Oates argues that only approximately two percent of fraud offenders receive upward departure sentences, and that the nature and circumstances of her run-of-the-mill offense conduct does not place her within these "worst of the worst" among fraud offenders. However, Oates provides nothing to suggest that other fraud offenders are similarly situated. As the district court recognized, Oates' mail fraud offenses required a new degree of craftiness, and her financial profile suggested that she had not yet accomplished her goal of learning to live within her means. In light of her history, the court's significant concern for Oates' likelihood of recidivism and the need to deter future misconduct, to promote respect for the law, and to protect the public was well-taken, notwithstanding Oates' positive attributes and voluntary efforts at rehabilitation.

We have recognized that a court may abuse its discretion by placing undue emphasis on a single sentencing factor that is "only tangentially connected" to the defendant's criminal conduct and at the expense of other relevant factors. *Zuk*, 874 F.3d at 410. Here, however, the court clearly explained why it concluded that a Guidelines sentence was not appropriate, demonstrating that it had considered Oates' arguments in mitigation and credited these arguments when declining to depart to the extent requested by the Government. In view of the myriad aggravating and mitigating factors presented by the parties, we conclude that the district court acted within its discretion in imposing a modest upward departure only three months above the original Guidelines range. *Cf. United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015) (upholding upward departure and collecting similar cases).

Accordingly, we dismiss the appeal in part, insofar as Oates challenges her Guidelines enhancement for loss amount, and affirm in part, insofar as Oates challenges the substantive reasonableness of her sentence. We dispense with oral argument because the facts and legal contentions are adequately before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*