# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 18-4930**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAMAR HOSEA WIGGINS, a/k/a LB,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:17-cr-00053-BO-7)

---

Submitted:  July 30, 2019                                          Decided:  August 8, 2019

---

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

---

Dismissed in part, affirmed in part by unpublished per curiam opinion.

---

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Hosea Wiggins appeals the 96-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute marijuana and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). On appeal, Wiggins argues that the district court erred in calculating his advisory sentencing range under the U.S. Sentencing Guidelines Manual (2016) and that his above-Guidelines sentence is substantively unreasonable. The Government argues that Wiggins' challenges to the calculation of his Guidelines range are barred by the appeal waiver provision in his plea agreement and that the 96-month sentence is substantively reasonable. For the reasons that follow, we dismiss the appeal in part and affirm in part.

"[N]o matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." *United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply "'a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This standard encompasses review for both procedural and substantive reasonableness. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). We first consider whether the district court committed significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51. If we find no procedural error, we also must consider the substantive reasonableness of the sentence in view of the totality of the circumstances. *Id.*

2

The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a).

Wiggins argues that the district court erred in calculating his Guidelines range because its application of the four-level enhancement under USSG § 2K2.1(b)(6)(B) was not supported by competent evidence or appropriate findings of fact and because the court failed to address his argument that a two-level reduction under USSG § 3B1.2(b) for his mitigating role as a minor participant was warranted. Although Wiggins' challenges to the calculation of his Guidelines range raise a question of procedural reasonableness, we conclude that they are barred by the appeal waiver in his plea agreement. We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We will enforce a waiver if it is valid and the issue appealed falls within the scope of the waiver. *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012). A waiver is valid if it is knowing and voluntary, considering the totality of the circumstances. *Copeland*, 707 F.3d at 528.

Wiggins does not argue that his appeal waiver is invalid, and, after review of the record, we conclude that the waiver was both knowing and voluntary. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Wiggins also does not contest the Government's argument that his challenges to the Guidelines calculation fall within the scope of the valid appeal waiver, and, after review of the record, we agree with that position as well. *See United States v. McLaughlin*, 813 F.3d 202, 203-05 (4th Cir. 2016). We therefore dismiss the portion of this appeal challenging the calculation of Wiggins' Guidelines range.

Turning to the substantive reasonableness of the district court's above-Guidelines sentence,[1] we "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (internal quotation marks, ellipsis, and brackets omitted).

Wiggins argues that the district court imposed a substantively unreasonable sentence because it sentenced him to punish him for a murder in which he had no involvement and ignored and did not address mitigating factors regarding his criminal culpability. Wiggins also asserts that the district court's reasoning is insufficient to support the sentence imposed because the court failed to provide an individualized rationale for it and that the sentence is greater than necessary to achieve the aims of 18 U.S.C. § 3553(a).

We find these arguments unpersuasive. Nothing in the record supports Wiggins' contention that the district court sentenced him as punishment for his involvement in a murder. Additionally, the court sufficiently explained its view that a sentence in the Guidelines range was inadequate on the facts at hand, citing to the nature of Wiggins' offense conduct, his history and characteristics, and the need for the sentence to protect the

---

[1] We conclude after review of the record that the 96-month sentence resulted from the imposition of an upward variance, not an upward departure under USSG § 4A1.3(a)(1), p.s. The district court specifically relied in its oral pronouncement of sentence on 18 U.S.C. § 3553(a) factors in determining that an above-Guidelines sentence was warranted.

public from Wiggins' serious criminal behavior, to provide just punishment for his offenses, to deter future misconduct, and to promote respect for the law, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The court also considered and responded to Wiggins' arguments in mitigation.[2] Although Wiggins suggests that his 96-month sentence is greater than necessary to achieve the aims of § 3553(a) when compared to the prison sentences given to his co-defendants, one of those co-defendants received a 96-month sentence, and several others received prison terms greater than 96 months. Wiggins, however, provides nothing to suggest that the co-defendants who received sentences lower than 96 months are similarly situated.

Accordingly, we dismiss the appeal in part, insofar as Wiggins challenges the calculation of his Guidelines range, and affirm in part, insofar as Wiggins challenges the substantive reasonableness of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] The district court specifically addressed Wiggins' arguments for leniency premised on his history and characteristics. Although Wiggins claims the court ignored a mitigating factor relative to use of a firearm, he did not argue that this factor was a mitigator in his case. Further, although the district court did not address in its oral articulation of reasons for the sentence Wiggins' argument that he was the "low man" on the offense "totem pole" because he was mentioned only twice in the presentence report, the district court's adoption of the presentence report counters the factual contentions undergirding this argument.