**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4468

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JACQUEZ HILL, a/k/a Jac Hill,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:19-cr-00025-BO-1)

Argued:  January 27, 2023                    Decided:  February 10, 2023

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Joseph Bart Gilbert, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacquez Hill appeals from an above-Guidelines sentence of 108 months that was imposed on him in September 2021 in the Eastern District of North Carolina. Hill maintains on appeal that, inter alia, his sentence is procedurally and substantively unreasonable. As explained herein, Hill's sentence is both procedurally and substantively reasonable, and we are obliged to affirm.

I.

Pursuant to a plea agreement, Hill pleaded guilty in June 2019 to the offense of conspiracy to distribute and possess with intent to distribute heroin, in contravention of 21 U.S.C. § 846; plus a charge of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); and another charge of possession with intent to distribute heroin, in contravention of 21 U.S.C. § 841(a)(1). In August 2019, the probation office in the Eastern District of North Carolina prepared Hill's presentence report (the "PSR"). With an offense level of 24 and a criminal history category of III, the PSR calculated a Guidelines sentencing range of 63 to 78 months.

At the sentencing hearing conducted in October 2019, the district court imposed an above-Guidelines sentence of 120 months in prison. In so ruling, the court explained that its 42-month upward variance was necessary due to the seriousness of Hill's offense conduct, in order to afford "adequate deterrence," and also to "protect the public from further crimes [by Hill], which [had] proved to be predictable" in light of his extensive

criminal history. *See* J.A. 56.[1]  In an appeal resolved in April 2021 by an unpublished order, our Court vacated Hill's 120-month sentence and remanded for resentencing. *See United States v. Hill*, No. 19-4783 (4th Cir. Apr. 29, 2021), ECF No. 54.  We therein concluded that the sentencing court had erred by failing to orally pronounce all of Hill's supervised release conditions during the sentencing hearing, as required by our post-sentencing decisions in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).

During Hill's resentencing proceedings in September 2021, Hill argued that a within-Guidelines sentence (i.e., 63 to 78 months) should be imposed, given his age of 23 years and his ongoing rehabilitative efforts in prison.  Nevertheless, the district court again imposed an above-Guidelines sentence — this time for 12 months less than Hill's initial 120-month sentence (that is, a sentence of 108 months).  Taking into account the record of Hill's 2019 sentencing proceedings, the court related that "there's . . . factually strong support for an upward variance under [§] 3553(a)." *See* J.A. 74.  And the court emphasized that Hill continues to pose a "danger . . . to the community." *Id.*  Hill has timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] Citations herein to "J.A. ___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

## II.

In this appeal, Hill primarily maintains that his 108-month sentence is procedurally and substantively unreasonable.[2]  As explained further below, we disagree.

### A.

Pursuant to the Supreme Court's 2007 decision in *Gall v. United States*, a reviewing court is obliged, in assessing the propriety of a particular sentence, to initially ensure that the sentencing court committed no significant procedural error in imposing the sentence. *See* 552 U.S. 38 (2007); *see also United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). Such procedural error includes "improperly calculating[] the Guidelines range, . . . selecting a sentence based on clearly erroneous facts, or failing to adequately explain" the sentence. *See Gall*, 552 U.S. at 51.  The Court's *Gall* mandate of procedural reasonableness also requires the sentencing court to weigh the factors specified in 18 U.S.C. § 3553(a).

---

[2] We pause to observe that Hill pursues in this appeal two additional challenges with respect to his sentence of 108 months.  Specifically, Hill maintains that the district court erroneously imposed certain Guidelines enhancements, and that the court also failed to resolve factual disputes relating to those enhancements.  The government argues in its appellate brief that those Guidelines-related contentions are barred by Hill's appeal waiver. Although we previously concluded that those contentions fall outside the scope of the appeal waiver, *see United States v. Hill*, No. 21-4468 (4th Cir. Mar. 4, 2022), ECF No. 23, that discussion did not properly account for our 2016 decision in *United States v. McLaughlin*, 813 F.3d 202 (4th Cir. 2016) (providing that defendant — with identical appeal waiver — could not challenge applicable Guidelines range, but could yet appeal procedural and substantive reasonableness of sentence in excess of range).  In these circumstances, we decline to address Hill's Guidelines-related contentions, in that Hill's lawyer expressly abandoned those objections during the initial sentencing. *See* J.A. 34-35; *see also* J.A. 67 (advocating for within-Guidelines sentence at resentencing).  And because those Guidelines-related contentions were waived, we are not entitled to review them. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (recognizing that waived claims are not entitled to appellate review, "even for plain error").

4

If a sentence is found to be procedurally sound, the reviewing court must then consider the sentence's substantive reasonableness, applying a "deferential abuse-of-discretion standard." *See Gall*, 552 U.S. at 52. In that regard, *Gall* recognizes that, although the explanation provided by the sentencing court must "support the degree of the variance," the court need not find "extraordinary circumstances" to justify a deviation from the Guidelines. *Id.* at 47, 50. Notably, according to the Supreme Court, the sentencing courts are "in a superior position to find facts and judge their import." *Id.* at 51. As such, substantive sentencing decisions — even those "significantly outside the Guidelines range" — are to be given "due deference." *Id.* at 41.

## B.

Against this legal backdrop, we are called upon to assess the propriety of Hill's above-Guidelines sentence of 108 months. And after careful consideration of the record on appeal, the appellate briefs of the parties, and the oral argument of counsel, we are satisfied that Hill's 108-month sentence is procedurally and substantively reasonable.

## 1.

As to the matter of procedural reasonableness, the district court adequately and properly assessed the § 3553(a) factors and explained its reasons for imposing an above-Guidelines sentence. To that end, the court provided an "individualized assessment" of the facts underlying Hill's prosecution that was "based on the [specific] characteristics of the defendant." *See United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). And that individualized assessment properly took into account the 2019 sentencing proceedings as to Hill. *Cf. Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1967 (2018) (recognizing that

5

sentencing court may consider "record as a whole" in sentence-modification situation). Additionally, the court at Hill's resentencing proceedings in 2021 addressed and considered the mitigation arguments raised and pursued by Hill and his lawyer. *See Pepper v. United States*, 562 U.S. 476, 490-91 (2011) (recognizing that at resentencing, district court can consider evidence of defendant's rehabilitation since initial sentencing). And the court balanced those mitigation contentions against Hill's offense conduct, his extensive criminal history involving multiple felonies, and the judicial system's obligation to protect the public interest. On this record, Hill's challenged sentence is procedurally reasonable.

2.

Finally, we must assess whether Hill's 108-month sentence is substantively reasonable. As heretofore specified, the sentencing decisions of a district court are entitled to "due deference." *See Gall*, 552 U.S. at 51. To that end, in a variance situation, "a district court's explanation for the sentence must support the degree of the variance." *See United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017). Importantly, however, the sentencing court "need not find extraordinary circumstances to justify a deviation from the Guidelines." *Id.* Put most simply — although the court in this situation might have provided a more thorough explanation of its sentencing decision — the court adequately explained the underlying rationale for the upward variance that it imposed. As a result, we are obliged to give that sentencing decision "due deference." *See Gall*, 552 U.S. at 51. In these circumstances, Hill's challenged sentence is also substantively reasonable.

6

III.

Pursuant to the foregoing, we reject Hill's challenges to his sentence and affirm the district court.

*AFFIRMED*