**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4558**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UNDER SEAL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.

Argued: May 10, 2018                                Decided: August 22, 2018

Before TRAXLER and DIAZ, Circuit Judges, and Richard M. GERGEL, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge Traxler wrote the opinion, in which Judge Diaz and Judge Gergel joined.

**ARGUED:** Joanna Beth Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Gustav William Eyler, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Charles J. Biro, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Stephen M. Schenning, Acting United States Attorney, Baltimore, Maryland, Bryan E. Foreman, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland.

———————————

TRAXLER, Circuit Judge:

Appellant pleaded guilty pursuant to a plea agreement to conspiracy to commit access-device fraud, *see* 18 U.S.C. § 1029(b)(2), and aggravated identity theft, *see* 18 U.S.C. § 1028A. The district court imposed a total sentence of 49 months. Appellant appeals, arguing that the district court erred by allowing the government to decline to seek a substantial-assistance sentence reduction without following the procedure set out in the plea agreement. Finding no error, we affirm.

## I.

### A.

The plea agreement executed by the parties consists of two parts – the standard plea agreement used by the United States Attorney's office in the Southern Division of the District of Maryland, and a sealed supplement containing terms specific to Appellant's case.

Paragraph 19 of the standard-term portion of the plea agreement is entitled "Obstruction or Other Violations of Law," and provides as follows:

> The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state, or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guideline factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will

bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

J.A. 27.

The sealed supplement to the plea agreement requires Appellant to "fully and truthfully respond to all questions from federal law enforcement authorities" and to "fully and truthfully disclose to the Government all information with respect to the Defendant's activities and the activities of others concerning all matters as to which the Government may choose to inquire." J.A. 32. The sealed supplement also explicitly required Appellant to "testify fully and truthfully before grand juries and at any trial and other court proceeding with respect to any matters about which [the government] may require testimony." J.A. 33.

Paragraphs 3 and 4 of the sealed portion address Appellant's cooperation with the government and provide as follows:

> 3.     If the Defendant fully complies with all of the terms of the plea agreement and this Sealed Supplement, then in connection with the Defendant's sentencing, this Office will inform the Probation Office and the Court of (i) the nature and extent of the Defendant's cooperation; and (ii) all other information with respect to the Defendant's background, character, and conduct which this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment that this Office has agreed to dismiss at sentencing.

> 4.     If this Office determines that the Defendant has provided substantial assistance in an investigation or prosecution of others, and if the Defendant has fully complied with all obligations under the plea agreement and this Sealed Supplement, this Office will make a motion, pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), if this Office in its discretion deems it appropriate, requesting that the Court: (1) sentence the Defendant

4

in light of the advisory factors set forth in § 5K1.1(a)(1)-(5), requesting a downward departure of up to 2 levels for Count One, and (2) giving the Court discretion to impose a sentence below the two-year mandatory consecutive sentence for Count Two. This Office shall have sole discretion in determining whether to make any motion pursuant to § 5K1.1 and/or § 3553(e). This Office is not obligated to use the Defendant's cooperation or assistance in any matter. This Office's determination whether the Defendant has provided substantial assistance will not depend in any way on the outcome of any trial or other proceeding. If this Office makes a motion for departure under both § 5K1.1 and § 3553(e), the Defendant **is bound** by the § 5K1.1 departure level recommended by this Office. If this Office makes a motion for departure under only § 5K1.1 -- and thus does not make a motion under § 3553(e) -- the Defendant **is not bound** by the § 5K1.1 departure level recommended by this Office. The Defendant understands that should this Office determine not to make a motion pursuant to § 5K1.1 and/or § 3553(e), that will not entitle the Defendant to withdraw a guilty plea once it has been entered. It is also understood that, even if such a motion is made, the sentence to be imposed on the Defendant remains within the sole discretion of the Court.

J.A. 33-34 (emphasis in original).

The sealed supplement also includes provisions mirroring the terms set out in paragraph 19 of the standard-term portion quoted above. Under paragraph 6 of the sealed supplement, entitled "Remedies for Breach," the government is released from its obligations under the agreement if, *inter alia*,

the Defendant has knowingly withheld information; given false, incomplete, or misleading testimony or information; falsely implicated an innocent person in the commission of a crime, exaggerated the involvement of any person in the commission of a crime in order to appear cooperative, or falsely minimized the involvement of any person or the Defendant in the commission of a crime; engaged in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1 . . . .

. . . .

Whether or not the Defendant has violated the terms of the plea agreement and this Sealed Supplement shall be determined by the Court in

5

an appropriate proceeding at which the Defendant's disclosures and documents shall be admissible and at which this Office shall be required to establish any alleged breach by a preponderance of the evidence. . . .

J.A. 34-35.

B.

Prior to sentencing, the government informed Appellant that it would not be seeking a substantial-assistance departure under U.S.S.G. § 5K1.1. Although Appellant had assisted the government during its investigation, the government believed that Appellant did not testify fully against his co-conspirators at trial but instead downplayed their involvement. The government, however, did not seek to hold Appellant in breach of the plea agreement, and it made the other sentencing recommendations required under the plea agreement.

Appellant argued at sentencing that he had fully complied with his obligations under the plea agreement and that he was entitled to have the government make a substantial-assistance motion on his behalf. Appellant contended that because the provision of false, incomplete or misleading testimony was a basis for finding him in breach of the plea agreement, *see* Sealed Supplement par. 6, the government could decline to file a § 5K1.1 motion on those grounds only after proving at a hearing that Appellant's testimony was incomplete.

Although the district court initially indicated that it found the terms of paragraph 4 and 6 of the sealed supplement to be somewhat contradictory, the court ultimately ruled in favor of the government. Given the language in the plea agreement giving the government the sole discretion to decide whether to file a substantial-assistance motion,

6

the court held that it was not necessary for the court to determine whether Appellant had breached the agreement.

Despite its recognition that Appellant's trial testimony had been somewhat evasive, the district court varied downward in light of Appellant's assistance and sentenced Appellant to 25 months on count one, against an advisory sentencing range of 37-46 months. As to count two, the court imposed the mandatory-minimum consecutive sentence of 24 months, for a total sentence of 49 months. The court explained that the sentence imposed fell within the advisory range applicable to an offense level of 17, rather than the offense level of 21 calculated in the presentence report. If the government had sought a substantial-assistance reduction for Appellant, the plea agreement would have only required the government to recommend a 2-level departure.

## II.

## A.

Appellant argues on appeal that the district court erred by permitting the government to decline to move for a substantial-assistance reduction without requiring it to prove by a preponderance of the evidence that Appellant had breached his obligations under the plea agreement. Appellant contends that while the plea agreement gives the government the sole discretion to determine whether he provided substantial assistance, the agreement obligates the government to seek a § 5K1.1 sentence reduction *if* the government in fact determines that Appellant provided substantial assistance. Appellant argues that if the reason that the government declines to seek a sentence reduction is that Appellant breached the agreement by engaging in any of the conduct set out in paragraph

6 of the sealed supplement (which includes the failure to testify fully at trial), then the plea agreement requires the government to prove the breach by a preponderance of the evidence. Appellant insists that his is the reading compelled by the unambiguous language of the plea agreement, but he argues alternatively that if this court disagrees, we should at a minimum find the agreement ambiguous.

B.

"When interpreting plea agreements, we draw upon contract law as a guide to ensure that each party receives the benefit of the bargain, and to that end, we enforce a plea agreement's plain language in its ordinary sense." *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016) (internal quotation marks omitted); *accord United States v. Yooho Weon,* 722 F.3d 583, 588 (4th Cir. 2013). As is the case with other contracts, ambiguities in a plea agreement are "construed against the government as its drafter." *United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014). Indeed, because plea agreements involve waivers of constitutional rights, we review them "with greater scrutiny than we would apply to a commercial contract and hold the Government to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements." *United States v. Davis*, 714 F.3d 809, 814-15 (4th Cir. 2013) (alteration and internal quotation marks omitted). The fact that a plea agreement is at issue, however, does not give us license to re-write the agreement or to create ambiguities where there are none. *See United States v. Zuk,* 874 F.3d 398, 408 (4th Cir. 2017).

C.

8

As discussed above, the plea agreement requires Appellant to "testify fully and truthfully before grand juries and at any trial and other court proceeding," J.A. 33. Paragraph 4 of the sealed portion of the plea agreement provides that if Appellant fully complies with that and other obligations, the government will make a substantial-assistance motion if the government "in its discretion deems it appropriate." J.A. 34. Paragraph 6 of the sealed portion provides that if Appellant breaches his contractual obligations -- including his obligation to testify fully and completely -- the government is freed of its obligations under the agreement. Appellant contends that these provisions, read together, unambiguously require the government to prove by a preponderance of the evidence that Appellant did not testify truthfully and completely if the government bases its decision not to seek a sentence reduction on Appellant's lack of candor.

Even if we accept Appellant's claim that the language of the plea agreement obligates the government to file a § 5K1.1 motion if it determines, in its sole discretion, that Appellant provided substantial assistance, the rest of Appellant's argument does not flow from that premise. Paragraphs 4 and 6 address different aspects of the contractual relationship between Appellant and the government. Paragraph 4 spells out the scope of the government's *obligations* regarding a substantial-assistance motion. Paragraph 6, by contrast, sets out the government's *rights* in the event of a breach by Appellant – an issue about which paragraph 4 is entirely silent. As Appellant concedes, paragraph 4 gives the government the sole discretion to determine whether Appellant provided substantial assistance. Paragraph 4 does not in any way cabin the government's discretion when

9

making that determination, nor does it implicitly or explicitly incorporate the procedures set out in paragraph 6.

It is well established that breaches of contract can generally be waived by the injured party. *See, e.g., United States v. Hallahan,* 756 F.3d 962, 973 (7th Cir. 2014) ("[T]he rule is that where one party commits a material breach, the non-breaching party may elect to terminate the entire agreement or seek to enforce the remainder of the contract." (citing 23 *Williston on Contracts* § 63:8 (4th ed.)); *Greenwell v. American. Guar. Corp.*, 277 A.2d 70, 75 (Md. 1971) ("There are few principles of contract law better established, or more uniformly acknowledged, than that a party to an executory bilateral contract, who keeps the same in existence after a known breach by the other party and accepts further performance from the party who has committed the breach, waives the breach. . . ." (internal quotation marks omitted)). Thus, even though Appellant's failure to testify truthfully and completely could have amounted to a breach of his duties under the plea agreement, the government, as with any other injured party, had the right to waive that breach.

That is precisely what happened in this case. The government determined that Appellant had not fulfilled his obligation to testify truthfully. Rather than declare Appellant in breach of the agreement, however, the government elected to keep the plea agreement in place and exercise its right under the agreement to refuse to move for a substantial-assistance sentence reduction. As no language in the plea agreement or principle of law required the government to do otherwise, the government's approach was entirely proper. *See Hallahan*, 756 F.3d at 973 (Although defendants breached the

plea agreements by absconding for 12 years, "the government has elected to enforce the remaining provisions of the plea agreements, including the appeal waivers. We see no reason why it should not be allowed to do so.").

Appellant's approach would effectively *require* the government to declare Appellant in breach of the agreement. Such an approach is not supported by any language in the plea agreement and would in fact be inconsistent with the special solicitude generally applied when interpreting plea agreements. If the government declared Appellant to be in breach, the government would be released of its obligations under the plea agreement. *See* J.A. 27; 34-35. While the possibility of a substantial-assistance motion may have been the most important of the government's obligations, the government made other concessions as part of the agreement. The other obligations from which the government would be freed in the event of a breach by Appellant include: (1) arguing for a loss amount of no more than $500,000; (2) recommending a 3-level acceptance-of-responsibility reduction; and (3) recommending a sentence at the low end of Appellant's advisory sentencing range. *See* J.A. 23-24. Appellant's reading of the agreement thus would put him in a substantially worse position than the government's reading. If the government proved Appellant's lack of candor, Appellant would not only lose the substantial-assistance reduction, but also the other sentencing concessions made by the government, thereby exposing him to a significantly higher advisory sentencing range. Because no language in the plea agreement nor any principle of contract law supports Appellant's reading of the agreement, we decline to adopt it. *See Zuk,* 874 F.3d at 407–08.

11

D.

We likewise find no merit to Appellant's fallback argument that the plea agreement, at the very least, is ambiguous.

Generally speaking, a plea agreement or other contract is ambiguous if it is reasonably susceptible of two meanings. *See, e.g.*, *United States v. Lewis*, 673 F.3d 758, 763 (8th Cir. 2011); *United States v. Gebbie*, 294 F.3d 540, 551 (3d Cir. 2002). "In determining whether [a plea] agreement is ambiguous, courts examine the entire contract, considering particular words not as if isolated from the context, but in the light of the obligation as a whole. Form should not prevail over substance, and a sensible meaning of words should be sought." *United States v. McLaughlin*, 813 F.3d 202, 204 (4th Cir. 2016) (alteration, citations, and internal quotation marks omitted).

Considering the plea agreement in its entirety, we find no ambiguity. As discussed above, the provisions at issue here address different aspects of the deal struck by Appellant and the government. Paragraph 4 addresses the extent of the government's obligation to seek a reduction in sentence based on Appellant's substantial assistance, and that is the only topic it addresses. Paragraph 6, by contrast, addresses the government's rights and the procedures to be followed in the event of a breach of the agreement, and those are the only topics it addresses. There is nothing confusing, contradictory, or otherwise ambiguous about a contract that addresses a party's contractual rights and duties in separate provisions.

Although the same underlying conduct -- incomplete or untruthful testimony -- could support government action under either paragraph 4 or paragraph 6, that kind of

12

overlap strikes us as common and entirely unremarkable.[*]  At most, the overlap might have left Appellant uncertain about which of the contractually authorized paths the government would take once it concluded that Appellant's testimony was inadequate – the government might decline to seek a substantial-assistance reduction, or it might declare Appellant to be in breach of contract.  But that kind of uncertainty does not make a contract ambiguous; a contract is ambiguous only if there is uncertainty about the *meaning* of the contract.  In this case, the meaning of the plea agreement is clear.  Under the plain terms of the agreement, if the government concludes that Appellant did not testify truthfully and completely, it may keep the agreement in force and decline to seek a substantial-assistance reduction, or it may declare Appellant in breach of the contract and seek to release itself from the terms of the agreement.  The fact that the plea agreement gives the government that option simply does not make the agreement ambiguous.

### III.

"[A] plea agreement allocates risk between the two parties as they see fit.  If courts disturb the parties' allocation of risk in an agreement, they threaten to damage the parties' ability to ascertain their legal rights when they sit down at the bargaining table and, more problematically for criminal defendants, they threaten to reduce the likelihood that prosecutors will bargain away counts . . . ."  *United States v. Bradley*, 400 F.3d 459, 464 (6th Cir. 2005); *see Zuk*, 874 F.3d at 407 ("It redounds to the benefit of both criminal

---

[*]      For example, it would not be unusual for an employment contract to obligate the employer to pay a bonus if the employee hits certain sales targets while also giving the employer the right to terminate the employee for not reaching those targets.

13

defendants and the government to have flexibility in negotiating the terms of plea agreements . . . .").  The plea agreement here is unambiguous, and it clearly permits the action taken by the government.  Accordingly, we reject Appellant's invitation to re-write the plea agreement, and we hereby affirm his sentence.

*AFFIRMED*