**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4089**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK ODOM, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:16-cr-00784-DCN-1)

Submitted: October 10, 2018                    Decided: October 24, 2018

Before WILKINSON and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Odom, Jr., seeks to appeal his sentence after pleading guilty. On appeal, he contends that the district court erred in failing to address his sentencing mitigation argument. The Government contends that we should dismiss the appeal, because Odom knowingly and voluntarily waived the right to appeal his sentence, and his sentencing claim falls within the scope of the waiver. Odom does not dispute that his appeal waiver was knowing and voluntary, but he argues that the waiver does not apply, because the district court did not consider his mitigation argument. We dismiss the appeal.

"[A] plea agreement allocates risk between the two parties as they see fit," and we will "enforce a plea agreement's plain language" to "ensure that each party receives the benefit of the bargain." *United States v. Under Seal*, 902 F.3d 412, 417, 420 (4th Cir. 2018) (internal quotation marks and citations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). We review the validity of an appeal waiver de novo, and we will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (citation omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks and citation omitted).

2

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Odom knowingly and voluntarily waived his right to appeal his sentence, and the issue he seeks to appeal falls within the scope of the waiver. Although "[a] defendant who waives his right to appeal a plea 'retains the right to obtain appellate review of his sentence on certain limited grounds,'" *McCoy*, 895 F.3d at 363 (citation omitted), Odom's appeal issue is not one of these limited grounds. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*