**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4653**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES DAVID MORRIS, JR., a/k/a James David Morris,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:18-cr-00071-1)

Submitted:  February 28, 2019                    Decided:  March 29, 2019

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Charleston, West Virginia, John L. File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James David Morris, Jr., appeals the 36-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Morris argues that the district court's upward variance sentence—12 months above the high end of the Sentencing Guidelines range—is substantively unreasonable. For the reasons that follow, we affirm.[*]

We review the substantive reasonableness of a defendant's sentence for abuse of discretion, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2012). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Our review of the record confirms that Morris' sentence is substantively reasonable. Here, the district court emphasized the need to deter Morris from unlawfully carrying firearms, *see* 18 U.S.C. § 3553(a)(2)(B), especially given that Morris had previously incurred a § 922(g) conviction in 2013 and was charged with another felon-in-possession violation after committing the instant offense. In addition, the court

---

[*] Although Morris executed an appeal waiver as part of his guilty plea, the waiver contains an ambiguity that, when construed against the Government, *see United States v. Under Seal*, 902 F.3d 412, 417-18 (4th Cir. 2018), brings this appeal outside the waiver's scope. Accordingly, we decline the Government's request to dismiss the appeal based on the waiver.

considered the offense to be very serious because Morris, a drug addict under a protective order, was prohibited from possessing a firearm under three different subparagraphs of § 922(g). The court also noted that Morris had a history of violent encounters and substance abuse. *See* 18 U.S.C. § 3553(a)(1). Although Morris attempts to downplay the seriousness of his criminal history and the instant offense while highlighting his difficult upbringing, his mere disagreement with the value or weight given to each of these sentencing factors by the district court does not demonstrate an inappropriate exercise of that court's sentencing discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012). Moreover, while Morris questions whether an upward variance sentence was necessary to deter him from committing further crimes, he ignores that, in addition to deterrence, the court based its sentencing decision on several of the sentencing goals enumerated in § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*