**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4010**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO JAVIER CHAVES, a/k/a Chino,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:17-cr-00127-MR-WCM-1)

Submitted:  September 28, 2021                    Decided:  September 30, 2021

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Sandra J. Barrett, Hendersonville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Javier Chaves appeals his conviction and 360-month sentence following his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Chaves argues that (1) the Government committed prosecutorial misconduct by not dismissing the charge against him and allowing him to withdraw his guilty plea; (2) Chaves' trial attorneys provided ineffective assistance by not moving to withdraw Chaves' guilty plea; (3) the district court erred by denying Chaves a reduction for acceptance of responsibility; and (4) the Government breached the plea agreement by recommending that Chaves serve his sentence consecutively to an undischarged state sentence. We affirm in part and dismiss in part.

As an initial matter, the Government argues that the appeal waiver in the plea agreement bars some of Chaves' claims. Chaves suggests that the factual basis was insufficient to support the guilty plea and, therefore, the appeal waiver. Before accepting a guilty plea, the district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). "A stipulated recitation of facts alone is sufficient to support a plea." *United States v. McCoy*, 895 F.3d 358, 365 (4th Cir. 2018) (internal quotation marks omitted). "[W]hen a defendant does not challenge the factual basis for the plea in the district court," we review for plain error the district court's determination that a factual basis exists. *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). "[U]nder plain error review, [Chaves] must show that: (1) an error

2

occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

Our review of the record confirms that the district court did not plainly err in finding that a factual basis supported Chaves' guilty plea. Contrary to Chaves' assertion on appeal, the district court did not rely solely on the word of Drug Enforcement Administration Special Agent Dan Guzzo. At the plea hearing, Chaves' attorney indicated that Chaves did not dispute the factual basis, Chaves certified that the factual basis was true and accurate, and Chaves admitted again at the sentencing hearing that the factual basis was accurate. That factual basis established each element of the offense. Accordingly, Chaves' guilty plea is valid.

An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018) (internal quotation marks omitted). The waiver is valid if the defendant waived his appeal rights knowingly and voluntarily. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, we will uphold a waiver "[w]hen a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the record confirms that the appeal waiver is valid and enforceable. Chaves' prosecutorial misconduct and ineffective assistance of counsel arguments fall outside the waiver's scope, however. Because those arguments pertain to

the validity of Chaves' conviction, we consider them before addressing the waiver's impact on Chaves' challenges to his sentence.

Chaves argues that the Government committed prosecutorial misconduct by not dismissing the indictment against him and allowing him to withdraw his guilty plea when the prosecution discovered that Guzzo was under investigation by the Office of Inspector General ("OIG") for allegedly having an inappropriate relationship with an informant.[1] Because Chaves did not raise this claim below, we review it for plain error. *United States v. Hale*, 857 F.3d 158, 173-74 (4th Cir. 2017). To succeed on a prosecutorial misconduct claim, Chaves must show that the United States engaged in improper conduct that so infected the prosecution "with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted).

Although Chaves argues that the Government's decision to dismiss the charges against a defendant in another case operates as an admission by the Government that Guzzo's testimony—which the Government used to induce Chaves' guilty plea—was unreliable and discredited, we conclude that the Government did not commit prosecutorial misconduct. First, the prosecution made clear to the district court that, at the time it dismissed the charges against the other defendant without prejudice, it was unaware of the full scope of the OIG investigation. Second, the Government did not rely on Guzzo's

---

[1] If, as the Government asserts, Chaves intended to bring a selective prosecution claim, such claim fails because Chaves has not identified any discriminatory purpose. *See United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012).

testimony to prove Chaves' guilt because Chaves had already admitted his guilt under oath, including his admission that the factual basis was true and accurate. Chaves' reliance on *Napue v. Illinois*, 360 U.S. 264, 265, 269-72 (1959), is misplaced. Unlike the defendant in *Napue*, Chaves pleaded guilty, and Chaves has not demonstrated that the Government's evidence was false. "When a defendant pleads guilty he . . . forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628-29 (2002). In *Ruiz*, the Supreme Court held that the Government is not constitutionally required to disclose impeachment evidence to a defendant prior to obtaining a guilty plea.[2] *Id*. at 625. The Court explained "that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id*. at 630.

Here, there is no evidence that Guzzo lied about any aspect of Chaves' case. The only evidence that Guzzo engaged in misconduct is a single uncorroborated allegation by a third party that Guzzo "may have" engaged in an inappropriate relationship with a witness in Chaves' case. Chaves could perhaps have used the OIG investigation to undermine Guzzo's testimony had the case proceeded to trial, but this evidence is typical impeachment

---

[2] Despite Chaves' assertion that *Giglio v. United States*, 405 U.S. 150 (1972) involved the "exact circumstances" as Chaves' case, *Ruiz* makes clear that *Giglio* is a trial right and that impeachment evidence "is more closely related to the *fairness* of a trial than to the *voluntariness* of the plea." *Ruiz*, 536 U.S. at 633.

5

evidence that the prosecution would not have been required to disclose prior to a guilty plea even if it had been aware of the investigation at the time.[3]  Finally, even if Chaves could have withdrawn his plea, he never requested to do so.  The Government did not commit misconduct by proceeding with a guilty plea that the defendant never asked to withdraw.

Chaves next argues that his trial attorneys all provided ineffective assistance of counsel by not moving to withdraw Chaves' guilty plea.  We will not consider a claim of ineffective assistance on direct appeal unless the record conclusively shows that counsel was ineffective.  *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir.), *cert denied*, 141 S. Ct. 927 (2020); *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  Our review of the record leads us to conclude that Chaves fails to meet this high standard.

Next, Chaves argues that the district court erred by not granting a reduction to his offense level for acceptance of responsibility based on the court's finding that Chaves continued to engage in criminal activity after pleading guilty.  The Government argues that this claim is barred by the valid appeal waiver.  We agree and, accordingly, dismiss this portion of the appeal.

---

[3] This case is therefore different than *United States v. Fisher*, 711 F.3d 460, 462 (4th Cir. 2013), in which we allowed a defendant to withdraw his guilty plea that the Government induced with false representations.  In *Fisher*, the Government's agent admitted that he supplied the court with false information in obtaining a search warrant. *Id*. at 462-63.  Had Fisher known about this fact prior to pleading guilty, he would have had a strong basis on which to suppress the evidence resulting from the search warrant.  No such circumstances exist here.

Finally, Chaves argues that the Government breached the plea agreement by requesting that Chaves serve his federal sentence consecutively to his undischarged state sentence. The Government responds that Chaves materially breached the plea agreement by continuing to engage in criminal activity after pleading guilty, thereby relieving the Government of its obligations under the agreement.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). We will "enforce a plea agreement's plain language in its ordinary sense." *United States v. Under Seal*, 902 F.3d 412, 417 (4th Cir. 2018) (internal quotation marks omitted). Where one party materially breaches the terms of a plea agreement, the opposite party is released from its obligations under the agreement. *See United States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001); *see also United States v. Simmons*, 537 F.2d 1260, 1261 (4th Cir. 1976) (holding that government may be relieved of its obligations under a plea agreement only after a hearing and a district court finding that the defendant has breached). "A defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000).

Here, the district court relied on a detailed proffer by the Government that was based on Guzzo's interview notes, recordings of Chaves' jail calls, photographs of drugs obtained from witnesses who said they were working with Chaves, and laboratory analyses of those drugs. The Government provided the underlying evidence to the probation officer and to defense counsel. Although Chaves maintained his innocence of this post-plea conduct,

defense counsel did not challenge the credibility of the Government's evidence. We conclude that this evidence had sufficient indicia of reliability and supported the district court's determination by a preponderance of evidence that Chaves continued to violate the law following his guilty plea. We therefore conclude that Chaves materially breached the plea agreement, relieving the Government of its obligation to argue for a concurrent sentence.

Accordingly, we affirm Chaves' conviction and dismiss his appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*