**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4085**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WEBB POWELL,

Defendant - Appellant.

_____

**No. 22-4094**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WEBB POWELL,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:10-cr-00050-MR-WCM-1; 1:21-cr-00045-MR-WCM-1)

_____

Submitted:  May 16, 2023                        Decided:  August 30, 2023

_____

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** George E. Crump, III, Rockingham, North Carolina, for Appellant. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Webb Powell appeals from his 270-month sentence imposed pursuant to his guilty plea to receiving child pornography (No. 22-4094) and his 24-month sentence imposed pursuant to the revocation of his supervised release (No. 22-4085). On appeal, he challenges the reasonableness of both sentences. The Government asserts that Powell's appellate waiver in his plea agreement waived appeal from his 270-month sentence. We agree, and we dismiss the appeal in No. 22-4094. We affirm the revocation sentence.

"[A] plea agreement allocates risk between the two parties as they see fit," and we will "enforce a plea agreement's plain language in its ordinary sense" to "ensure that each party receives the benefit of the bargain." *United States v. Under Seal*, 902 F.3d 412, 417, 420 (4th Cir. 2018) (internal quotation marks omitted). "A defendant may waive the right to appeal his conviction and sentence [in a plea agreement] so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). This court "review[s] an appellate waiver de novo to determine whether the waiver is enforceable." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). When the Government invokes an appeal waiver and has not breached its obligations under the plea agreement, we will enforce the waiver if the defendant knowingly and voluntarily agreed

3

to waive his right to appeal and the issues raised on appeal fall within the waiver's scope. *Id.*

Powell does not suggest that his waiver of appeal rights was anything other than knowingly and voluntarily made, and the record makes plain that his appeal waiver is valid. The terms of the waiver are clear, and Powell confirmed under oath at the plea hearing that he understood the terms of the plea agreement, including the appeal waiver. Powell also was under the close advice of counsel at his guilty plea hearing, raising a strong inference that the plea agreement (and, consequently, the appeal waiver) is valid. *See United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (noting significance of being represented by counsel during a guilty plea hearing). At no point during the Fed. R. Crim. P. 11 hearing did Powell suggest he did not understand the appeal waiver or the import or effect of the waiver on his right to take a direct appeal of his sentence. Therefore, we find that the waiver is valid.

"[A] defendant who waives his right to an appeal does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019) (internal quotation marks omitted). An appeal waiver does not bar the appeal of a sentence exceeding the statutory maximum or the right to appeal a sentence based on a constitutionally impermissible factor. *Id.*; *see United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014) (noting that knowing and voluntary waiver cannot prohibit appeal where sentencing court violated "fundamental" constitutional or statutory rights established at time of sentencing, but waiver will bar broad argument that proceedings affected constitutional rights and fundamental fairness); *United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (clarifying that challenges to sentence as

4

"illegal" that can be raised on appeal despite appeal waiver involve "fundamental issues," such as claims that "a district court exceeded its authority," premised its sentencing decision "on a constitutionally impermissible factor such as race," or violated the "post-plea [constitutional] right to counsel"). In addition, we will refuse to enforce an otherwise valid waiver "if to do so would result in a miscarriage of justice," such as a cognizable claim of actual innocence. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).

Powell does not claim—nor could he do so successfully—that his sentence exceeds the statutory maximum term applicable to his count of conviction. He also has raised no claim that race or any constitutionally impermissible factor influenced his sentence, that the district court violated his constitutional right to counsel after the plea, or that post-plea proceedings were not conducted in accordance with constitutional limitations. Instead, he asserts that the district court's "setting aside the advisory guidelines" and imposing an upward variance sentence was fundamentally unfair. However, Powell's challenges to his 270-month sentence—claiming that the district court erred in calculating his Guidelines range and did not give appropriate weight and deference to the Guidelines—fall squarely within the bargained-for provision of the appeal waiver of the plea agreement, and enforcing the waiver here comports with the directive that we enforce the language of the plea agreement to ensure each party receives the benefit of the bargain they struck. *See United States v. Mikalajunas,* 186 F.3d 490, 496-97 (4th Cir. 1999) (holding misapplication of the Guidelines does not constitute a miscarriage of justice); *Sotirion v. United States,* 617 F.3d 27, 38 (1st Cir. 2010) (finding miscarriage of justice in appellate waiver situation

5

would require a sentence in excess of the statutory maximum or violation of a material term of the plea agreement).  Accordingly, we dismiss the appeal from Powell's 270-month sentence.

Turning to his revocation sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013).  Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *Coston*, 964 F.3d at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted).  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). Similarly, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can

6

meaningfully consider the procedural reasonableness of the revocation sentence." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). "[A] revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Powell contends that his revocation sentence is procedurally unreasonable because the district court failed to consider or explain its rejection of his arguments that he would be nearly 70 upon release and would be under a life term of supervised release. Beginning with the argument that Powell would be under a life term of supervised release, the district court's assertion that a long prison term was the only way to deter Powell sufficiently addressed Powell's argument that his lifetime term of supervised release supported a lower sentence. The court specifically noted that supervision had not deterred Powell in the past and that, in fact, his criminal conduct had worsened on supervision. Accordingly, while the district court did not explicitly state that it considered Powell's argument, the context of the sentencing hearing makes it clear that the court considered and rejected the argument.

Turning to the age argument, Powell made several distinct arguments in mitigation. He asserted was that he would be "very close to 70" upon release, would not have "the same type of future that you would have had he been younger," and would not "be able to find work." Counsel also stated that Powell might not have any friends or family left upon his release. (J.A. 102-03).

We find that these arguments are frivolous, and as such, the district court was not required to separately address them. Notably, Powell did not explicitly argue in district

7

court that his advanced age would make similar criminal conduct difficult or less likely, nor does he argue such on appeal. Instead, his argument focused on the difficulties he would face with family and work on release and presumably averred that his personal circumstances would be even worse given his advanced age. However, his supervised release sentence was 24 months, and he did not provide any support for a conclusion that his situation would be different if released a year earlier.[*] Moreover, his arguments were irrelevant to the district court's main concerns of deterrence and protection of the public. Given the frivolous nature of his arguments, the district court did not commit procedural error by failing to address them.

Powell asserts conclusorily that his sentence was substantively unreasonable but provides no argument in support. Here, the court relied primarily upon the needs to deter Powell and to protect the public. Because the district court based its sentence on appropriate sentencing factors, Powell's sentence was substantively reasonable.

Accordingly, we dismiss the appeal in No. 22-4094 and affirm the district court's judgment in No. 22-4085. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] Powell argued for a 12-month sentence.